IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**VARDMUS CHANNING BOLTON,**                                             **PLAINTIFF**
**# 396230**

v.                                                    CAUSE NO. 1:16CV227-LG-RHW

**HARRISON COUNTY SHERIFF**
**DEPARTMENT, HARRISON**
**COUNTY NARCOTIC DEPARTMENT,**
**JASON JOHNSON, and OFFICER**
**GARCIA**                                                              **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Vardmus Channing Bolton initiated this action on June 23, 2016. At the time, he was a pretrial detainee at the Harrison County Adult Detention Center.

On June 24, 2016, the Court sent Bolton notice of the Prison Litigation Reform Act, an Acknowledgment of Receipt and Certification, and a form Notice of Voluntary Dismissal. He was ordered to sign and file either the Acknowledgment or the voluntary dismissal by July 25. By separate Order [4], the Court directed Bolton to either pay the $350 filing and $50 administrative fees or to amend his application to proceed *in forma pauperis*, also by July 25. Both Orders [3, 4] were mailed to his address of record at the jail. On July 5, 2016, they were returned as undeliverable. The envelope was marked, "RTS. Released." (Dkt. 6 at 1).

Because the Complaint also listed a home mailing address for Bolton, the Court then mailed the Orders to that address, and gave him until September 14,

2016, to comply. They were not returned as undeliverable from the home mailing address.

Having received no response, on September 29, 2016, the Court entered the Order to Show Cause [9]. The Court ordered Bolton to show cause, by October 13, why the case should not be dismissed for failure to obey the Court's prior Orders and to provide his current physical address. When Bolton still failed to respond, the Court entered the Second Order to Show Cause [11], on October 27, giving him one last chance to comply.

All Orders [3, 4, 7, 9, 11] were mailed to Bolton's address of record at the jail and to the home address provided in his Complaint. The Orders mailed to the home address were not returned as undeliverable. To date Bolton has not responded, provided a change of address, or otherwise contacted the Court. The Court has warned Bolton that failure to comply or to provide a change of address may result in this case being dismissed. (2d Order to Show Cause at 2); (1st Order to Show Cause at 1-2); (Order Directing Clerk to Re-Mail Orders at 1-2); (Dkt. 4 at 1-2); (Dkt. 3 at 2). It is apparent from his failure to respond or otherwise communicate with the Court that Bolton lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or

dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Since Defendants have never been called upon to respond to the Complaint nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 1st day of December, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE